P

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ELECTRIC SOLIDUS INC. D/B/A/ SWAN BITCOIN FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. _____ <br><br> **DECLARATION OF KHALED KHATOUN IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |

I, Khaled Khatoun, declare pursuant to 28 U.S.C. § 1746(1) as follows:

**Professional Background and Experience**

1.      I am an attorney licensed to practice law in England and Wales and a partner of the law firm Quinn Emanuel Urquhart & Sullivan UK LLP. I have more than 16 years of experience practicing law, specializing in litigation and other contentious matters, as detailed in the CV attached hereto as Exhibit 1.

2.      I submit this declaration in support of the Application (the "Application") of Electric Solidus, Inc. for an order pursuant to 28 U.S.C § 1782 to take discovery from Cantor Fitzgerald, L.P. ("Cantor Fitzgerald") and Howard W. Lutnick.

3.      My firm represents Electric Solidus Inc, d/b/a Swan Bitcoin ("Swan"), the registered member of 20% of the shares of 2040 Energy Ltd ("2040 Energy"), a British Virgin Islands company, in a pending proceeding captioned Tether Investments S.A. de C.V. and 2040 Energy Limited v. Electric Solidus (the "Pending English Proceeding"), in the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (the "English Court"). My firm has also been instructed by Swan to prepare to initiate a separate proceeding in the English Court asserting a derivative claim on behalf of 2040 Energy against, amongst others,

1

P

the Tether-Appointed Directors (as defined below), Tether Investments S.A. de CV (fka Tether Investments Ltd.) ("Tether"), certain other Tether personnel, and some of Swan's ex-employees and consultants (the "Proposed Defendants"), for, inter alia, unlawful means conspiracy, and, in the case of the Tether-Appointed Directors, breaches of directors' duties and fiduciary duties (the "Anticipated English Proceeding"). Without in any way waiving privilege, that work is ongoing. The Application seeks discovery for use in the Anticipated English Proceeding.

4.      Unless otherwise noted, the information contained in this declaration is within my personal knowledge or was obtained from my review of documents or other reliable sources.

**Legal Claims for Which Evidence is Sought**

5.      In or about mid-2023, Petitioner entered a joint venture with Tether to form 2040 Energy. As noted above, Petitioner was and is the registered member of 20% of the shares of 2040 Energy, and at all material times was and is represented by its founder, Cory Klippsten ("Klippsten"), who serves as a director of 2040 Energy along with Mr. Giancarlo Devasini ("Devasini") and Jean-Louis Van der Velde ("Van der Velde"). Devasini and Van der Velde were appointed as directors by Tether (the "Tether-Appointed Directors").

6.      Petitioner has serious concerns as regards the manner in which the Tether-Appointed Directors have conducted themselves, and in particular is concerned that they violated their fiduciary duties to 2040 Energy by conspiring with Tether and others to strip 2040 Energy of certain of its assets and to help Tether acquire those assets at a steeply discounted price (the "Related Party Sale"). As a result, Petitioner intends to bring a derivative claim on behalf of 2040 Energy against the Proposed Defendants for, inter alia, breach of fiduciary duty and unlawful

2

P

means conspiracy[1]. To bring a derivative claim, Petitioner must first obtain permission from the Eastern Caribbean Supreme Court, in the High Court of Justice, Virgin Islands, Commercial Division (the "BVI Court"). Petitioner has retained the law firm Conyers, Dill & Pearlman ("Conyers") in the British Virgin Islands ("BVI") to seek and – it is hoped – obtain that permission (the "BVI Proceeding"). The BVI proceeding was filed on March 20, 2026. If permission is granted, then it is presently expected that my firm will file the Anticipated English Proceeding shortly thereafter.

7.      Prior to initiating the BVI and English Proceedings, my firm worked with Conyers to draft a Letter Before Action seeking to resolve the derivative claims without litigation. On 25 July 2025, Conyers sent a Letter Before Action providing "Notice of Intended Derivative Proceedings and Breach of Fiduciary Duty (Related Party Sale to Tether Investments Ltd)" to 2040 Energy. In that letter, a copy of which is attached to the Declaration of Jerry Samuel as Exhibit 2, Conyers set out some of the factual and legal bases for 2040 Energy's anticipated breach of fiduciary duty claims against the Tether-Appointed Directors, including the roles of various individuals and entities involved in the Related Party Sale and events surrounding the Related Party Sale. One such entity was Proton Management Ltd ("Proton"). On information and belief, some of the acts described in the Letter Before Action may also have been taken by Proton's wholly owned subsidiary, Elektron Management LLC (which may have used the brand name "Elektron Energy"), and/or by other entities owned and/or operated and/or managed by (at least some of) the same individuals as Tether and/or Proton.

---

[1] The causes of action to be advanced in the Anticipated English Proceedings are as follows: (i) breach of directors' duties and fiduciary duties; (ii) unlawful means conspiracy; (iii) breach of contract; (iv) breach of confidence; and (v) dishonest assistance and knowing receipt.

P

8.      In the Letter Before Action, Conyers advised that, absent a satisfactory resolution of the claims, Swan intended to take legal action. 2040 Energy responded to the letter (via its counsel, Forbes Hare) on 1 September 2025 but the parties have not been able to resolve the claims set forth in the Letter Before Action, thus necessitating the filing of the BVI Proceeding on March 20, 2026, and, if permission to bring the derivative claims is granted, the Anticipated English Proceeding.

9.      My firm has been instructed to prepare (and is in the process of preparing, with assistance from Petitioner's barrister team) a draft statement of claim to be filed in the English Court. That draft statement of claim will be appended to Petitioner's submissions in the BVI Proceeding as well. As Jerry Samuel explains in his declaration (at ¶¶ 10-12), Petitioner will need to demonstrate to the BVI Court that (inter alia) it is likely to succeed on the merits of the proposed claims to be brought by way of the Anticipated English Proceeding. The draft statement of claim that my firm is preparing will be submitted to the BVI Court for this purpose.

10.      My firm has further been instructed to initiate the Anticipated English Proceeding shortly after permission to do so is granted by the BVI Court (assuming such permission is granted).

11.      As noted above, Petitioner's claims in the Anticipated English Proceeding will include, amongst others, the claims asserted in the Letter Before Action, and will arise under BVI law. Petitioner intends to use the evidence sought through the present Application in the Anticipated English Proceeding to, inter alia, further assist in establishing that the Tether-Appointed Directors breached their fiduciary duties to 2040 Energy under BVI law, and that the Proposed Defendants have engaged in an unlawful conspiracy to expropriate 2040 Energy's business and assets.

4

P

12.     As set out in the Letter Before Action, Petitioner intends to assert, inter alia, that the Tether-Appointed Directors breached their fiduciary duties to 2040 Energy with respect to the Tether-Appointed Directors' sale at an undervalue of certain assets by 2040 Energy, in violation of sections 120, 121, and/or 122 of the BVI Companies Act. Those sections establish the duties of a director of a BVI company, the requirement that a director's powers be exercised for a proper purpose, and the standard of care to be exercised by a director in exercising his powers or performing duties as a director. The Declaration of Jerry Samuels (at ¶¶ 13-15) explains these statutory requirements and the relevant legal frameworks that the English Court, applying BVI law, will use to determine whether a director has acted in good faith or for a proper purpose.

13.     Petitioner will assert that the Tether-Appointed Directors acted in concert with third parties to expropriate 2040 Energy's business and assets for the benefit of Tether and its affiliates, in violation of the legally required standard of care for the director of a BVI company. Petitioner seeks information from Cantor Fitzgerald and its then-CEO, Howard Lutnick, including: (1) communications with Tether, its principals, and the former Swan employees regarding the mining asset diversion and the events surrounding it; (2) information received from Swan that may have been shared with or made available to Tether; (3) records of meetings and communications between Cantor Fitzgerald, Tether, and former Swan personnel around the time of the diversion and the subsequent Related Party Sale; and (4) records of post-diversion transactions involving former Swan assets and personnel. This information will further assist Petitioner to plead and later to prove at trial that the Tether-Appointed Directors breached their fiduciary duties to 2040 Energy, in violation of BVI law.

**Related Proceedings**

P

14.      There are certain related proceedings pending in various jurisdictions, which I address here for context. Klippsten, in his capacity as a director of 2040 Energy initiated a proceeding in the BVI Court in which he seeks to avail himself of his right under BVI law, as a director in the 2040 Energy joint venture, to inspect and take copies of certain documents, books, and records of 2040 Energy. In addition, Swan commenced a proceeding in the United States District Court for the Central District of California, *Electric Solidus, Inc. v. Proton Mgmt. Ltd.*, 24-cv-8280, which has been stayed indefinitely pending arbitration and is in the process of being withdrawn. Finally, as I mentioned above, there is a pending proceeding in England captioned *Tether Investments S.A. de C.V. and 2040 Energy Limited v. Electric Solidus*. Cantor Fitzgerald and Howard Lutnick are not a party to and have not provided any discovery in any of these pending proceedings. None of these proceedings impact Petitioner's ability to litigate the Anticipated English Proceeding, relating as they do to separate causes of action brought by separate parties.

15.      While the evidence sought in this Application is currently contemplated only for use in the BVI and Anticipated English Proceedings, the same evidence may also become relevant to the Pending English Proceeding, both for Swan's defense of Tether's claims against it, and/or in a potential future counterclaim brought by Swan in that proceeding.

**The English Court Would be Receptive to this Discovery**

16.      It is not presently intended that Cantor Fitzgerald and Howard Lutnick will be parties to the Anticipated English Proceeding. English courts do not have the power to order third parties to make pre-action disclosures in support of contemplated claims, except in certain limited circumstances. The English Court also could not enforce a disclosure order against Cantor Fitzgerald and Howard Lutnick given that English courts do not ordinarily have extraterritorial competence.

P

17.     However, I have no reason to believe that any evidence obtained from Cantor Fitzgerald or Howard Lutnick through the Application would not be admissible in the English Court. To the contrary, the courts in England are generally receptive to evidence obtained abroad including through U.S. judicial assistance and routinely accept such evidence. I do not have any reason to believe that the English Court would not be receptive to the evidence obtained through the Application in the Anticipated English Proceeding.

18.     Applying for U.S. judicial assistance through the Application does not circumvent any law of England and Wales. There is no specific policy in English law that would prohibit use of the type of records sought here; to the contrary, the evidence sought is of the type ordinarily used to support commercial claims.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of March 2026

_____
**KHALED KHATOUN**

7