P

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ELECTRIC SOLIDUS INC. D/B/A/ SWAN BITCOIN FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:26-mc-00124-LJL<br><br>**SECOND DECLARATION OF JERRY DESHIELD SAMUEL IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |

I, Jerry DeShield Samuel, declare pursuant to 28 U.S.C. § 1746(1) as follows:

1)  I previously submitted a declaration in this proceeding dated March 23, 2026, in support of the Application of Electric Solidus Inc. d/b/a/ Swan Bitcoin for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 of Cantor Fitzgerald, L.P. ("Cantor") and Howard W. Lutnick (the "1782 Application").

2)  I do not restate my qualifications here or otherwise repeat the content of my previous declaration, except to state that I am a partner in the Litigation Department of the law firm Conyers Dill & Pearman ("Conyers") in the BVI, and I represent Swan in proceedings (the "BVI Proceedings") pending in the Eastern Caribbean Supreme Court, in the Commercial Division of the High Court of Justice in the Territory of the Virgin Islands (the "BVI Court"), seeking leave for Swan to bring derivative proceedings on behalf of 2040 Energy Ltd. in the Courts of England & Wales. The BVI Proceeding is captioned *Electric Solidus, Inc. (d/b/a Swan Bitcoin) v. 2040 Energy Ltd.*, BVIHCOM2026/0121 (the "BVI Application"), and a true and correct copy of the BVI Application is attached hereto as **Exhibit 1.**

1

Legal - 27766303.1

P

3)  Through the BVI Application, Swan seeks leave from the BVI Court to pursue derivative claims against two directors (the "Tether-Appointed Directors") of 2040 Energy Ltd. ("2040 Energy") appointed by Tether Investments Limited ("Tether"). The BVI Application follows an agreed resolution of related litigation in California that Swan commenced against Proton Management Ltd. ("Proton"), a company affiliated with Tether and the Tether-appointed Directors, and a group of former Swan employees. The case in California is captioned *Electric Solidus, Inc. v. Proton Management Ltd et al.*, No. 2:24-cv-8280 (C.D. Cal) (the "California Proceeding"). I understand from Swan's legal team in the California Proceedings that as part of the agreed resolution, Swan conceded that certain Mining Assets (which in turn form part of the subject matter of the derivative claims that Swan intends to assert against (inter alia) the Tether-Appointed Directors) belong to 2040 Energy and not Swan. Because of the agreed resolution, there was no adjudication on the merits in the California Proceeding.

4)  I understand from Swan's legal teams in both the English and California Proceedings that there is no dispute in any of the related proceedings as to whether 2040 Energy is the proper party in interest to bring claims against the Tether-appointed Directors for, *inter alia*, breach of fiduciary duties in connection with the Mining Assets. Therefore, since the BVI and contemplated English Proceedings are not duplicative but rather are necessary in light of the conclusion that 2040 Energy (rather than Swan) must bring the claims, Swan seeks leave from the BVI Court to bring those derivative claims.

5)  I am informed by Swan's legal team in the 1782 Application, that in those proceedings Cantor asserts that Swan seeks to circumvent BVI disclosure rules and cites Rule 28.4 of the Eastern Caribbean Supreme Court Civil Procedure Rules 2023, which relates to

2

Legal - 27766303.1

P

standard disclosure by direction of the Court. However, normally there is no standard disclosure in the context of an application / fixed date claim seeking permission to bring derivative proceedings. Instead, the conventional approach in this type of proceeding is the parties would adduce whatever evidence they intend to rely on and if a party requires additional disclosure, it must apply to the court for an order or seek a direction for disclosure. As at the date of this declaration, Swan has not made any such application.

6) Cantor also asserts that Swan can obtain disclosure from Tether in the BVI Application. However, the respondent in the BVI Application is 2040 Energy. Tether is not a party to the BVI Application, and it is a foreign legal person who is not within the jurisdiction of the BVI Court. Therefore, it is difficult to understand the suggestion that Swan could obtain disclosure against Tether.

7) I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of April 2026

**JERRY DESHIELD SAMUEL**

3