# EXHIBIT 1

Case Number :BVIHCOM2026/0121

HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM)        OF 2026**

Submitted Date:20/03/2026 22:13

Filed Date:23/03/2026 08:30

Fees Paid:811.84

**IN THE MATTER OF THE BUSINESS COMPANIES ACT 2004 (AS AMENDED)**
**AND IN THE MATTER OF 2040 ENERGY LTD.**

**BETWEEN:**

**ELECTRIC SOLIDUS, INC**

**(d/b/a SWAN BITCOIN)**

<u>**Claimant/Applicant**</u>

**-AND-**

**2040 Energy Ltd**

<u>**Defendant/Respondent**</u>

---

### FIXED DATE CLAIM FORM

(Application pursuant to Section 184C of the BVI Business Companies Act 2004)

---

The Claimant, Electric Solidus, Inc. (trading as "Swan Bitcoin" and herein referred to as "**Swan**"/the "**Claimant**")), of 26565 W. Agoura Road, Suite 200, Calabasas, California 91302, United States of America, makes this application against the Defendant, 2040 Energy Ltd. (the "**Defendant**"/"**Respondent**"/"**Company**"), of Trinity Chambers, Road Town, Tortola, British Virgin Islands, pursuant to sections 184C, 184D and 184E of the BVI Business Companies Act, 2004 (as amended) (the "**Act**") and CPR Part 8.1(5)(e), for the following relief:

1. The Applicant be granted leave to bring proceedings in the name and on behalf of 2040 Energy Limited in substantially the same form as the Proposed Derivative Claim in the Courts of England & Wales.

2. Alternatively, if for any reason the Proposed Derivative Claim cannot be brought or cannot proceed in the courts of England & Wales, the Applicant be granted leave to bring the Proposed Derivative Claim in the courts of the British Virgin Islands.

3. Immediately upon the grant of leave under paragraph 1 above, the Applicant be authorised to control the conduct of the Proposed Derivative Claim on behalf of 2040 Energy Limited in all respects, before the Courts of England & Wales.

- 1 -

Legal - 27658394.1

4. 2040 Energy Limited shall pay all reasonable costs occasioned or incurred by the Applicant in connection with the Proposed Derivative Claim.

5. The parties shall have liberty to apply to vary or supplement this Order.

6. Such further or other relief as the Court thinks fit.

A draft of the order sought is filed with this claim form.

## GROUNDS OF APPLICATION

The grounds of this application are set out in full in the First Affidavit of Cory Klippsten dated 20 March 2026 together with Exhibit CK-1, and the First Affidavit of Khaled Khatoun dated 20 March 2026 together with Exhibit KK-1 (the "**Evidence**"), filed in support of this Fixed Date Claim Form, and may be supplemented by further evidence if necessary. The grounds adopt the defined terms used in the Evidence and may be summarised as follows:

## A. THE CLAIMANT'S STANDING

1. The Claimant is a member of the Company within the meaning of section 184C(1) of the Act. The Claimant holds 20% of the issued shares in the Company (2,000 out of 10,000 issued shares).

2. The Claimant accordingly has standing to apply for leave to bring derivative proceedings on behalf of the Company pursuant to section 184C(1)(a) of the Act.

## B. THE PROPOSED DERIVATIVE CLAIM

3. The Proposed Derivative Claim is set out in the draft pleadings exhibited to the First Affidavit of Cory Klippsten at Exhibit CK-1. The Claimant seeks leave to bring the following claims on behalf of the Company:

   3.1. Claims for breach of fiduciary and statutory duties against Mr Giancarlo Devasini and Mr Ludovicus Jan van der Velde (together, the "**Tether-Appointed Directors**"), being directors of the Company appointed by Tether Investments, S.A. de C.V. (formerly known in the BVI as Tether Investments Ltd., prior to discontinuation to El Salvador) ("**TINV**"), for:

      (a) Participating in a scheme to expropriate the Company's assets and business opportunities for the benefit of Tether, Proton/Elektron and themselves (the "**Expropriation Scheme**");

      (b) Approving a sale of the Company's assets to TINV at a significant undervalue in December 2024 (the "**Related Party Sale**"), in

- 2 -

circumstances where the Tether Appointed Directors had and failed to properly disclose to the Board obvious conflicts of interest;

(c)     Failing to obtain an independent valuation of the assets sold in the Related Party Sale;

(d)     Diverting business opportunities from the Company to Elektron and other Tether-controlled entities; and

(e)     Obstructing full and proper oversight by the Board, by excluding the Claimant's appointed director, Mr Cory Klippsten, from participating in deliberations and decisions of the Board and unlawfully preventing Mr Klippsten's access to the Company's documents and records.

3.2.    Claims for dishonest assistance against TINV, Mr Zachary Lyons, Mr Raphael Zagury, Mr Alex Holmes, Proton Management Limited, Elektron Management LLC, Elektron Operations Management Limited, and Elektron Enterprises LLC, for dishonestly assisting the Tether-Appointed Directors' breaches of fiduciary duty.

3.3.    Claims for knowing receipt against TINV for receiving assets pursuant to the Related Party Sale with knowledge that they were transferred in breach of the Tether-Appointed Directors' fiduciary duties.

3.4.    Claims for unlawful means conspiracy against all the proposed defendants to the Proposed Derivative Claim for combining together to injure the Company by unlawful means, including breaches of fiduciary duty, misuse of 2040 Energy's confidential information and diversion of corporate opportunities.

3.5.    Claims for breach of equitable duties against Mr Zagury and Mr Holmes arising from their roles in managing the Company's mining operations.

4.     The relief sought in the Proposed Derivative Claim includes declarations, equitable compensation, an account of profits, damages for conspiracy, an order for restoration of assets or equitable compensation in lieu thereof, interest and costs.

5.     For the reasons explained in the First Affidavit of Cory Klippsten filed in support of this application, the Claimant seeks leave to bring the Proposed Derivative Claim in England and Wales in the first instance, or alternatively in the British Virgin Islands.

6.     It is in the interests of the Company for the derivative proceedings to be brought in England and Wales because the SHA is governed by English law and contains an exclusive jurisdiction clause in favour of the English courts. At least one proposed defendant has suggested that the clause requires Swan to litigate in England, a position Swan does not

Legal - 27658394.1

accept but is prepared to accommodate for reasons of efficiency and cost if the Court agrees. Further, related proceedings between the same core parties are on foot in the English Commercial Court (Claim No. CL-2025-000016). Those proceedings arise from the same breakdown of the joint venture and involve substantial overlap of factual issues, documents and parties, including matters relating to the alleged Expropriation Scheme. Significant disclosure has already been completed in such proceedings and Swan intends to advance related counterclaims there. Determining the derivative claim in England would therefore promote efficiency, avoid duplication of work and cost, and reduce the risk of inconsistent findings that could arise if parallel proceedings were pursued in the BVI.

## C. STATUTORY CRITERIA UNDER SECTION 184C(2)

7. The Court must take into account the matters specified in section 184C(2) of the Act in determining whether to grant leave. The Claimant submits that all such criteria are satisfied, as fully explained in the Evidence. In summary, the criteria are met for the following reasons:

Good Faith

7.1. The Claimant is acting in good faith in bringing this application. The Claimant's motives are:

(a) To recover for the benefit of the Company the substantial losses it has suffered as a result of the proposed defendants' wrongdoing;

(b) To hold the proposed defendants accountable for their breaches of duty and to deter similar conduct in the future;

(c) To protect the interests of the Company and its minority shareholders from continued expropriation of the Company's assets and opportunities by the majority shareholder and its affiliates; and

(d) To vindicate the rights of the Company and uphold the standards of corporate governance that the Act is designed to protect.

8. The Claimant does not bring this claim for any collateral or improper purpose. Any recovery in the Proposed Derivative Claim will flow to the Company, not to the Claimant directly.

9. The Claimant has made extensive efforts to resolve matters without litigation, including raising concerns directly with the Company and sending a Letter Before Action on 25 July 2025.

The Claim is in the Company's Interest

Legal - 27658394.1

**10.**    The Proposed Derivative Claim is in the best interests of the Company for the following reasons:

10.1.    The Company has suffered substantial losses as a result of the proposed defendants' wrongdoing, including the Related Party Sale at an undervalue and the diversion of business opportunities;

10.2.    The Company is unlikely to recover these losses unless the Proposed Derivative Claim is brought;

10.3.    The proposed defendants are the persons responsible for the Company's losses, and it is in the Company's interests that they be held accountable;

10.4.    The Company's directors (other than Mr Cory Klippsten, who is the Claimant's appointee) are conflicted and will not cause the Company to bring proceedings against themselves or their affiliates; and

10.5.    If leave is not granted, the wrongdoers will retain the benefits of their misconduct at the Company's expense.

**11.**    The views of the Company's directors on commercial matters are of limited relevance where those directors are themselves implicated in the wrongdoing and have an obvious interest in opposing the proceedings.

Likelihood of Success

**12.**    The Proposed Derivative Claim is likely to succeed on its merits. There is substantial documentary and other evidence supporting the claims, including:

12.1.    The "Elektron Plan" and related contemporaneous documentation showing the planning and implementation of the Expropriation Scheme;

12.2.    Notes made by Mr Zagury (the "**Zagury Notes**") evidencing the scheme to divest the Claimant of its management role;

12.3.    A message from Mr Holmes (the "**Holmes Message**") confirming knowledge of the improper nature of the conduct;

12.4.    Board resolutions passed on 7 December 2024 effecting the Related Party Sale without the consent or knowledge of Mr Klippsten;

12.5.    Evidence that the Related Party Sale was conducted at a significant undervalue without independent valuation; and

12.6.    Evidence of the diversion of business opportunities from the Company to Elektron and related entities.

Legal - 27658394.1

Costs and Proportionality

13.    The costs of the Proposed Derivative Claim are proportionate to the relief likely to be obtained since:

    13.1.    The potential recovery is very substantial, running into the hundreds of millions of dollars;

    13.2.    While the proceedings will involve significant costs, they are proportionate given the scale of the wrongdoing and the potential recovery.

Alternative Remedies

14.    There is no adequate alternative remedy available, because:

    14.1.    An unfair prejudice petition under section 184I of the Act would not be appropriate to vindicate the wrongs done to the Company;

    14.2.    A winding-up petition would not be appropriate because it would destroy the business and the value of the Company rather than remedy the wrongs committed against the Company;

    14.3.    Any personal claim by the Claimant would be separate and distinct from claims belonging to the Company and would not benefit the Company or vindicate its claims;

    14.4.    A derivative claim is the established mechanism by which a shareholder may bring proceedings on behalf of a company where the company's directors are themselves implicated in the wrongdoing.

## D. CONDITIONS UNDER SECTION 184C(3)

15.    Leave may only be granted under section 184C(1) if i) the Company does not intend to bring proceedings; or ii) the Company does not intend to bring the proceedings that are the subject of this application. In this case, both criteria are met, because:

    15.1.    The Company has not brought, and has given no indication that it intends to bring, proceedings against any of the proposed defendants in respect of the matters set out in the Proposed Derivative Claim;

    15.2.    The Tether-Appointed Directors have actively participated in the wrongdoing, have caused the Company to indicate its opposition to the Proposed Derivative Claim and have a clear interest in ensuring that the Company does not bring proceedings against them or their affiliates; and

Legal - 27658394.1

15.3.    The Company's response to the Letter Before Action dated 25 July 2025 was dismissive and representative of the views of the conflicted Tether-Appointed Directors.

16.    Alternatively, it is in the interests of the Company that the conduct of the proceedings should not be left to the directors or to the determination of the shareholders as a whole since:

16.1.    The Tether-Appointed Directors control the Company and are conflicted. They are themselves proposed defendants in the Proposed Derivative Claim and have participated in the wrongdoing;

16.2.    TINV, the majority shareholder holding 79% of the Company's shares, is itself a proposed defendant. Any vote of shareholders would be determined by TINV alone. The Claimant's 20% shareholding is insufficient to pass any resolution opposed by TINV;

16.3.    The majority shareholder should not be permitted to use its voting power to block proceedings that would hold it and its appointed directors accountable for their wrongdoing.

## E. COSTS INDEMNITY PURSUANT TO SECTION 184D

17.    The Claimant seeks an order pursuant to section 184D(1) of the Act that the Company indemnify the Claimant in respect of all reasonable costs incurred in connection with the Proposed Derivative Claim because the Claimant is bringing the Proposed Derivative Claim in good faith and in the interests of the Company. Any recovery in the proceedings will flow to the Company. Therefore, the Claimant should not be ultimately required to pay the costs of proceedings brought for the benefit of the Company.

18.    Further, a costs indemnity will ensure that the Claimant is able to prosecute the Proposed Derivative Claim effectively, without being deterred by the risk of irrecoverable costs. Further, it would be unjust for the Claimant to bear the costs of proceedings that are necessary only because the Tether-Appointed Directors have failed to protect the Company's interests.

## Conclusion

19.    Based on the grounds above and those more fully set out in the Evidence, the Claimant invites the Court to grant it leave to bring the Proposed Derivative Claim in England and to make the other orders sought herein.

The Claimant relies upon the following documents in support of this application:
   (i)      First Affidavit of Cory Klippsten sworn on 20 March 2026
   (ii)     Exhibit CK-1 containing supporting documents
   (iii)    First Affidavit of Khaled Khatoun dated 20 March 2026
   (iv)     Exhibit KK-1 containing supporting documents

- 7 -

Legal - 27658394.1

(iii)    Draft Order

Legal - 27658394.1

## CERTIFICATE OF TRUTH

I, Aaron Mayers, of Conyers Dill & Pearman, Legal Practitioners for the Claimant, hereby certify that the Claimant believes that the facts stated in this Fixed Date Claim Form are true and this certificate is given on the Claimant's instructions and the Claimant cannot give the certificate due to urgency, time zone differences and being abroad.



**20 March 2026**

## Certificate for the Commercial List

We, Conyers Dill & Pearman, of Commerce House, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, Legal Practitioners for the Claimant, hereby certify that this claim is appropriate to be treated as a "commercial claim" within the meaning of CPR Part 69.1(2)(a), (3) and/or (4) because the claim is related to the law of companies and seeks relief of a commercial nature that warrants the claim being placed on the commercial list.

Dated this 20th day of March 2026.



………………………………………….

Aaron Mayers
Associate
**Conyers Dill & Pearman**
**Legal Practitioners for the Claimant**

Legal - 27658394.1

***Notice to the Defendant***

The first hearing of this claim will take place at the Judge's Chambers, Road Town, Tortola on the        day of                  2026 at                am/pm.

If you do not attend that hearing, judgment may be entered against you in accordance with the claim.

If you do attend, the judge may –

      (a)      deal with the claim, or

      (b)      give directions for the preparation of the case for a further hearing.

A statement of claim or an affidavit giving full details of the claimant's claim should be served on you with this claim form.  If not and there is no order permitting the claimant not to serve the statement of claim or affidavit you should contact the court office immediately.

You should complete the form of acknowledgement of service served on you with this claim form and deliver or send to the court office (address below) so that they receive it within 14 days of service of this claim form on you.  The form of acknowledgement of service may be completed by you or a legal practitioner acting for you.

You should consider obtaining legal advice with regard to this claim.  See the notes on the back of this form or on the next page.

This claim form has no validity if it not served within 6 months of the date below unless it is accompanied by an order extending that time.

Dated the 20th of March 2026

………………………………….……
Aaron Mayers
Conyers Dill & Pearman
Legal Practitioners for the Claimant

The solicitors for the Claimant's address is Commerce House, Wickham's Cay 1, P.O. Box 3140, Road Town, Tortola, Tel: 284-852-1000, Fax: 284-852-1001,

The court office is at Main Street, Road Town, Tortola, Virgin Islands. telephone number 284-468-5001, FAX 284-468-4951. The office is open between 8:30a.m. and 4:30p.m. Monday to

- 10 -

Legal - 27658394.1

Friday except public holidays. The Claimant's address for service is that of his said legal practitioners.

Legal - 27658394.1

**NOTES FOR THE DEFENDANT (FIXED DATE CLAIM)**

The Claimant is seeking an order from the court as set out in the claim form on the basis of the facts or evidence set out in the statement of claim or affidavit served with it.  The claimant will not be entitled to enter judgment against you without a hearing.

You may:

A.      Admit the claim

If so, you should complete and return the form of acknowledgement of service to the court office within 14 days stating this. You may attend the first hearing if you wish to do so.

B.      Dispute the claim

If so, you should complete and return the form of acknowledgement of service as under A. You should also file at the court office and serve on the claimant's legal practitioner (or the claimant if the claimant has no legal practitioner):
(a)      a defence if the claim form was accompanied by the claimant's statement of claim, OR
(b)      an affidavit in answer if the claim form is accompanied by an affidavit sworn by or on behalf of the claimant.
Within 28 days of the day on which the claim form was served on you.  Your defence or affidavit must set out briefly ALL the facts on which you will rely to dispute the claim against you.

You should also attend the first hearing.  If you do not the judge may deal with the claim in your absence.

C.      Make a claim against the claimant

If so, you should complete and return the form of acknowledgement of serve as under A.  You must file a statement of claim (a counterclaim) setting out full details of what your claim against the claimant and the facts on which you will rely.  This must be done within 28 days of the date on which the claim form was served on you.  The statement of claim should set out ALL the facts on which you rely in disputing any part of the claimant's claim against you.

You should also attend the first hearing.  If you do not, the judge may deal with the claim in your absence.

Legal - 27658394.1

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM)      OF 2026**

**IN THE MATTER OF THE BUSINESS COMPANIES ACT 2004 (AS AMENDED)**
**AND IN THE MATTER OF 2040 ENERGY LTD.**

**BETWEEN:**
**ELECTRIC SOLIDUS, INC**

**(d/b/a SWAN BITCOIN)**

**Claimant/Applicant**

**-AND-**

**2040 Energy Ltd**

**Defendant/Respondent**

---

**FIXED DATE CLAIM FORM**
**(**Application pursuant to Section 184C of the Business Companies Act 2004**)**

# CONYERS

**Legal Practitioners for the Claimant**
**Commerce House**
**Wickhams Cay 1**
**P.O. Box 3140**
**Road Town, Tortola**
**British Virgin Islands VG1110**
**T: +1 (284) 852 1000**
**F: +1 (284) 852 1001**
Jerry.Samuel@conyers.com
Aaron.mayers@conyers.com
**conyers.com**

Legal - 27658394.1