# Vinson&Elkins

Sara Brauerman  sbrauerman@velaw.com
**Tel** +1.212.237.0288

April 20, 2026

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *In Re Ex Parte Application of Electric Solidus Inc. d/b/a Swan Bitcoin*, 1:26-mc-00124-LJL

Dear Judge Liman:

Vinson & Elkins LLP represents U.S. Secretary of Commerce Howard W. Lutnick in connection with the above-referenced application. Secretary Lutnick respectfully requests an opportunity to respond to Petitioner Electric Solidus Inc. d/b/a Swan Bitcoin's ("Swan" or "Petitioner") Application for an *Ex Parte* Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding (ECF No. 1) (the "Application"). The Secretary intends to oppose the Application and requests until **Monday, May 11, 2026**, to file his opposition, which will allow counsel time to review the materials filed and prepare a response. <u>Petitioner has consented to the relief sought herein</u>.

The Application seeks broad discovery from the Secretary, in his individual capacity, concerning events involving his former firm, Cantor Fitzgerald, L.P., that allegedly occurred in 2024. The underlying dispute is the subject of anticipated—but not yet filed—litigation in England, as well as proceedings initiated in the BVI, none of which names Secretary Lutnick as a party. The underlying disputes involve complex factual allegations spanning several years and multiple entities, and counsel requires time to investigate the factual record and prepare a thorough response.

Moreover, the Application seeks extraordinarily broad discovery of "all" communications and documents concerning meetings, negotiations, and other business dealings over the course of several years. Petitioner should first seek such discovery from the parties to the underlying proceedings before burdening third parties with unduly intrusive and burdensome discovery. While these concerns apply to any third party, caution is particularly warranted here given the Secretary's current position as the U.S. Secretary of Commerce, and his former role as Chairman and Chief Executive Officer of Cantor Fitzgerald. The Second Circuit has recognized important protections for high-ranking officials such as Secretary Lutnick to prevent harassment and undue burden, a risk especially heightened here given that

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Brussels  Dallas  Denver  Dubai  Dublin  Houston  London
Los Angeles  New York  Richmond  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com



Petitioner seeks deposition testimony and documents through "the present."[1] *See Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (holding that compelling testimony from high-ranking government officials requires a showing of "exceptional circumstances," including that the official possesses "unique first-hand knowledge related to the litigated claims" and that "the necessary information cannot be obtained through other, less burdensome or intrusive means."); *In re Application of Effecten-Spiegel AG*, No. 18MC93 (DLC), 2018 WL 11732820, at *1 (S.D.N.Y. Aug. 10, 2018) ("Courts must be vigilant so that CEOs (and former CEOs) and those in control of large institutions are not subjected to the burdens of discovery without a showing that they are likely to have information useful to the litigation that cannot fairly and with less burden be found elsewhere") (citation omitted). These issues require careful analysis.

Respectfully submitted,

*/s/ Sara Brauerman*

Sara Brauerman

*Counsel to Respondent Howard W. Lutnick*

cc: All Counsel of Record (via ECF)

---

[1] Given the breadth of the proposed discovery and certain allegations in the Application, sovereign immunity and executive privilege issues may also be implicated.